UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO. 5:07CV74

| | |
|---|---|
| EDITH C. PETERSON, individually, and as Trustee of the ECP Trust, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF HICKORY; THE CITY OF HICKORY CODE ENFORCEMENT DIVISION;, HICKORY NC 28601; JERRY SHERWOOD; MICHAEL E. CASH; THE CITY OF HICKORY PLANNING BOARD; and CATAWBA COUNTY PUBLIC HEALTH DEPARTMENT ENVIRONMENTAL AFFAIRS DIVISION, <br><br> Defendants. | <u>ORDER</u> |

**THIS MATTER** comes before the Court on the Motion of Plaintiff Edith C. Peterson, <u>pro se</u>, for Reconsideration of the Magistrate Judge's Order (Document #80) and the Response of Plaintiffs' counsel (Document #81). This matter is now ripe for disposition by the Court.

Having carefully considered the arguments of the parties, the record, and the applicable authority, this Court will <u>deny</u> the <u>pro se</u> Motion of Plaintiff Edith C. Peterson and it will <u>deny</u> the Motion of Plaintiffs' Counsel.

-1-

## I. BACKGROUND AND PROCEDURAL HISTORY

This history of this matter is far from clear. The Court received this lawsuit on June 18, 2007, from the US District Court for the Southern District of Florida. Document #44. Plaintiff Edith C. Peterson, proceeding pro se as a non-attorney trustee, originally styled this matter as "The 16th Street Drive, NW Landholders and/or ECP Trust" against many of the same, though not all, of the current Defendants. Id. In a disposition prior to transferring the case, the Court in the Southern District of Florida permitted Ms. Peterson to file an amended complaint so long as she retained counsel. The Florida Court noted that a trustee could not represent a trust pro se. Despite this, the Florida Court accepted an amended complaint from Ms. Peterson, and then it granted her motion to transfer the matter to this Court.

After receiving the case, this Court ordered Plaintiff Edith C. Peterson, then merely a non-attorney trustee, to retain counsel, or in the alternative, to appear before it and to show cause as to, inter alia, 1) why she had not retained an attorney, 2) who were the real parties in interest, and 3) what were the legal claims for which the Plaintiffs sought recover. Document #58. The Court held this show cause hearing on November 6, 2007. At that hearing, Ms. Peterson appeared with her newly retained counsel, Ellis Drew. At the conclusion of that hearing, Mr. Drew informed the Court that he would file an amended complaint, and generally clarify the issues to be resolved in this lawsuit. Upon the consent of all parties, Mr. Drew filed an amended complaint on May 29, 2008. Document #77. The (second) amended Complaint names the Plaintiffs as Edith C. Peterson, both individually and in her capacity as trustee of the ECP Trust.

Days after the filing of the (second) amended Complaint, Ms. Peterson, pro se, filed a Motion for the Return of Attorney Retainer Fee. Document #78. In the motion, Ms. Peterson complains of her attorney's performance and billing practices, and she states that she never received an answer as to whether the Plaintiffs could represent themselves. Mt. for Return of Retainer 1-2. US Magistrate Judge Howell denied the Motion. Document #79. In doing so, Judge Howell noted that the Court is without jurisdiction to resolve a dispute between Ms. Peterson and her counsel.[1] Mag. Order 2. Judge Howell concluded his order by noting that "while [Ms. Peterson] has the right to represent herself in her individual capacity before this court, she cannot attempt to represent the interest of any other person or legal entity, such as a trust." Id.

Ms. Peterson, again pro se, filed a Motion for Reconsideration with the Court on June 12, 2008. Document #80. In the Motion, Ms. Peterson asks the Court 1) whether she may represent herself in this matter, and 2) to resolve the fee dispute between her and her counsel. Mt. Reconsider 1-2. Counsel for Ms. Peterson filed a response to that motion on June 26, 2008. Document #81. Counsel asks that this Court deny the Motion for Reconsideration by Ms. Peterson, and further that it award additional attorney's fees. Counsel Resp. 3.

---

[1] Judge Howell advised Ms. Peterson that, if problems with her attorney persist, she may seek relief from the North Carolina State Bar. Mag. Order 2. Judge Howell further cautioned Ms. Peterson against waiving the attorney-client privilege by including confidential communications in her public filings. Id.

## II. DISCUSSION

In accordance with statute, the undersigned has designated authority to the Magistrate Judges in this District to hear, inter alia, all pre-trial matters. 28 U.S.C. § 636(b)(1)(A). Pursuant to that authority, the undersigned may reconsider any decision of the Magistrate Judge where that order is clearly erroneous or contrary to law. Id.

### A. Pro Se Representation by the Plaintiffs

Ms. Peterson argues that the order of Judge Howell "clearly answers ... [that] [she] can indeed represent herself in this case." Mt. Reconsider 1. However, Ms. Peterson has mis-stated that legal conclusion. Rather, Judge Howell noted that "while [Ms. Peterson] has the right to represent herself in her individual capacity before this court, she cannot attempt to represent the interest of any other person or legal entity, such as a trust." Mag. Order 2.

The undersigned hereby finds that the order of the Magistrate Judge is neither clearly erroneous nor contrary to the law. Parties have a statutory right to conduct their cases individually or through counsel. See 28 U.S.C. § 1654. However, that statutory right is not unlimited. While individuals may represent themselves, trustees are not individuals. Rather, entities such as a trust can only act through their agents and representatives. A trustee represents a trust in a fiduciary capacity. See United States v. Ponte, 246 F. Supp. 2d 74, n.13 (D. Me. 2003) (citing, inter alia, C.E. Pope Equity Trust v. United States, 818 F.2d 696, 698 (9th Cir. 1987)). Therefore, by definition, an individual acting as a trustee is not representing herself when she appears on behalf of

a trust, but rather she is representing the trust.  In federal court, a trustee appearing in a solely representative capacity requires a lawyer.  See United States v. Mraz, 274 F. Supp. 2d 750, 755 (D. Md. 2003) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1000) (holding artificial entities may only appear in federal court through counsel)).

Therefore, to the extent that Ms. Peterson, in her individual capacity, is the proper Plaintiff in this matter, she may represent herself.  However, to the extent that the ECP Trust is a proper Plaintiff in this matter, it may only appear before this Court through counsel.  As such, the Court cautions Ms. Peterson to examine the implications of the law prior to making any decisions regarding her representation.  Should Ms. Peterson forego representation by counsel, she will be unable to pursue any claim properly belonging to ECP Trust.

**B.  Fee Dispute between Edith C. Peterson and her Counsel**

Ms. Peterson also requests that this Court order her counsel to return her retainer fee.  Mt. Reconsider 2.  Counsel for Ms. Peterson filed a Response to this motion.  Document #81.  In that response, Plaintiff's Counsel denies the claims of Ms. Peterson and moves the Court to deny her pro se motions and to award counsel additional attorney's fees.  Id.

The undersigned finds that the order of the Magistrate Judge that the Court lacks the jurisdiction to hear the fee dispute between Ms. Peterson and her counsel is neither clearly erroneous nor contrary to the law, and that reasoning applies equally to

this present motion of Plaintiff's counsel. As the Magistrate Judge properly noted, the fee arrangement between Ms. Peterson and her counsel is a contract matter separate and distinct from this instant case. Furthermore, the Court does not have subject matter jurisdiction over the dispute; there is no federal question and the sum in dispute is less than $75,000. See 28 U.S.C. §§ 1331-1332. Even if the Court had supplemental jurisdiction over the fee dispute, it would decline to exercise it.

Finally, the Court reminds Ms. Peterson of its original order that she retain counsel or show cause as to why the Court should not grant a then-pending motion for dismissal. Document #58 at 2. Ms. Peterson chose to retain counsel, and since that time, her counsel has filed an Amended Complaint that raises legally cognizable claims. See Document #77. The Court further cautions Ms. Peterson that failure to pursue her claims properly, either with or without counsel, may result in the summary dismissal of this action.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the pro se Motion of Edith C. Peterson is denied. The Court further orders the Clerk of the Court to send a copy of this Order to Ms. Edith C. Peterson, in addition to her counsel.

**IT IS FURTHER ORDERED** that the Motion of Counsel for the Plaintiff is denied.
**SO ORDERED.**

Signed: July 29, 2008

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge