IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv74

| | |
|---|---|
| EDITH C. PETERSON, individually, )<br>and as Trustee of the ECP Trust, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>THE CITY OF HICKORY; THE )<br>CITY OF HICKORY CODE )<br>ENFORCEMENT DIVISION, )<br>HICKORY, NC 28601; MR. JERRY )<br>SHERWOOD; MR. MICHAEL E. )<br>CASH; THE CITY OF HICKORY )<br>PLANNING BOARD; CATAWBA )<br>COUNTY, NC 28658; CATAWBA )<br>COUNTY ZONING BOARD; )<br>CATAWBA COUNTY PUBLIC )<br>HEALTH DEPARTMENT )<br>ENVIRONMENTAL AFFAIRS )<br>DIVISION; and CATAWBA )<br>COUNTY PLANNING BOARD, )<br>)<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on Edith C. Peterson's *pro se* "Motion for Time to Secure Councel [*sic*]." Review of the pleadings reveals that Attorney Ellis B. Drew III is counsel of record for plaintiffs, having filed plaintiffs' Amended

Complaint and represented therein that he is counsel of record for *plaintiffs*. See Amended Complaint, Docket Entry #77, at p. 10.

Ms. Peterson represents in her most recent *pro se* motion that Mr. Drew intends to withdraw "in view of previously [*sic*] writings by our latest Council [*sic*] Ellis Drew, telling us and the Clerks Office, they will be withdrawing." Motion for Time to Secure Councel [*sic*], at p. 1. The undersigned has reviewed the pleadings of record and can find no *indicia* that Mr. Drew has notified this court that he seeks to withdraw from representation of plaintiffs in this case.

Turning next to Ms. Peterson's motion, in which she appears to seek additional time to obtain substitute counsel, Ms. Peterson is advised that there is no time limit to enlarge as she is under no present deadline imposed by this court to obtain new counsel. Ms. Peterson is again advised that it unadvisable for her to file *pro se* motions when in fact she is represented by counsel in this matter. In making such filings, she is revealing confidential communications between herself and her attorney, which is a valuable part of the attorney-client relationship. Ms. Peterson is advised that where a party is represented by counsel, the court as well as opposing counsel are obligated to deal with her attorney and that *pro se* filings with the court are wholly inappropriate where she is appearing through counsel. Finally, Ms. Peterson is advised that as a result of her *pro se* filings she has delayed the court in reaching the

merits of her claims and those of the trust for nearly a year - - typically, proponents of litigation in federal court desire that their claims be heard sooner rather than later.

Further review of the pleadings reveals that there is also a *pro se* Motion for Default Judgment pending, which was filed on August 27, 2008, immediately before Ms. Peterson filed her appeal to the Court of Appeals for the Fourth Circuit. That motion is equally nonjusticiable as a default judgment can only be entered after a default has been entered. It appearing that no default has been entered and that none could be entered inasmuch as defendants have answered,[1] the court will deny such motion as it is nonjusticiable as a matter of law.

Finally, the mandate of the Court of Appeals for the Fourth Circuit issued May 12, 2009. It appearing that issues joined with the filing of an answer before such appeal was lodged, the time for counsel to conduct an Initial Attorneys Conference has run and a Certificate of Initial Attorneys Conference is now past due. See L.Civ.R. 16.1. Counsel shall bring the pleadings into compliance with Rule 16.1 within 10 days. The court will conduct an Initial Pretrial Conference, at which a Pretrial Order will be developed.

---

[1] Ms. Peterson takes issue in her motion with defendant's late filing of their Answer to the Amended Complaint. While the Answer appears to be late filed, default can only be entered where a party has "failed to plead or otherwise defend . . . ." Fed.R.Civ.P. 55(a). Plaintiffs have not moved to strike the Answer even though nearly a year has passed and issues have now joined.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) Edith C. Peterson's "Motion for Time to Secure Councel [*sic*]" (#90) is **DENIED** without prejudice as nonjusticiable;

(2) Edith C. Peterson's "Motion for Default Judgment" (#84) is **DENIED** without prejudice as nonjusticiable; and

(3) the Clerk of this court is respectfully instructed to calendar this matter for an Initial Pretrial Conference on Wednesday, July 22, 2009, at 12 noon. Counsel for all parties shall confer well in advance of such hearing and discuss a proposed Pretrial Order.

Signed: July 5, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge