IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:07-CV-00074-RLV
FORMER CASE NO.: 06-81116-CIV-DMM

| | | |
|---|---|---|
| EDITH C. PETERSON, individually, and as Trustee of the ECP TRUST | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| THE CITY OF HICKORY; THE CITY OF HICKORY CODE ENFORCEMENT DIVISION, HICKORY, NC 28601; MR. JERRY SHERWOOD; MR. MICHAEL E. CASH; THE CITY OF HICKORY PLANNING BOARD; AND CATAWBA COUNTY PUBLIC HEALTH DEPARTMENT ENVIRONMENTAL AFFAIRS DIVISION | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment filed April 1, 2010. On April 22, 2010 Plaintiffs' Motion for Extension of Time to File Response/Reply was granted. Plaintiffs made a second such motion on May 21, 2010, which was denied. Plaintiffs filed a Motion for Hearing, Motion for Summary Judgment on September 17, 2010. Plaintiffs have not filed a responsive pleading to Defendants' Motion for Summary Judgment. Subject matter jurisdiction in this case is proper as Plaintiff Peterson alleges several federal question claims. This matter is now ripe for disposition.

1

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Edith Peterson is the Trustee of the ECP Trust. Plaintiff ECP Trust owns 5.1 acres referred to herein as the "16th Street property" in Hickory, North Carolina. On November 9, 2006 Jerry Sherwood, an employee with the Code Enforcement Division of the City of Hickory, issued a Notice of Violation addressed to Trustee Edith C. Peterson, indicating "Junk vehicles on property also tenants apparently working on a race car at night disrupting Neighbors." (Pls.' Am. Compl. Ex. A.) Plaintiffs were directed to remedy the violations within four weeks or "show cause why you should not be required to do so." Id. Approximately thirty days after issuing the Notice of Violation, Defendant Jerry Sherwood returned to the site and determined the violations at issue had been remedied. Defendant Sherwood stated that he took no further action with regard to the November 9, 2006 violation and that he was unaware of anyone else employed with the Code Enforcement Division of the City of Hickory that took any further action based on the November 9, 2006 violation.

On December 19, 2006, in a letter directed to Edith Peterson in her capacity as trustee of the ECP Trust, Defendant Michael Cash informed her that the improvement permit and well permit for the 16th Street property had been issued. The letter also informed Plaintiffs that "advanced pretreatment will be required for the wastewater system as permitted" and that "systems must be designed by a professional engineer and submitted to this department before an authorization to construct the system can be issued." (Pls.' Am. Compl. Ex. B.)

Based on these facts, Plaintiffs Edith C. Peterson and ECP Trust brought suit against The City of Hickory, The City of Hickory Code Enforcement Division, Hickory, NC 28601, Jerry Sherwood, Michael E. Cash, The City of Hickory Planning Board, Catawba County, NC 28658,

Catawba County Zoning Board, Catawba County Public Health Department Environmental Affairs Division, and the Catawba County Planning Board. Plaintiffs' Amended Complaint sets forth five claims for relief: (1) a 14th Amendment Due Process claim against The City of Hickory, the City of Hickory Code Enforcement Division, Jerry Sherwood, Michael E. Cash, and the City of Hickory Planning Board; (2) a 14th Amendment Due Process claim against Defendants Catawba County, Catawba County Public Health Department Environmental Affairs Division, and Catawba County Planning Board; (3) a takings claim against The City of Hickory, the City of Hickory Code Enforcement Division, Jerry Sherwood, Michael E. Cash, and the City of Hickory Planning Board; (4) a takings claim against Defendants Catawba County, Catawba County Public Health Department Environmental Affairs Division, and Catawba County Planning Board; and a (5) preliminary injunction claim. Plaintiffs' amended complaint was served on Bradley Kline, attorney for The City of Hickory, The City of Hickory Code Enforcement Division, The City of Hickory Planning Board and Mr. Jerry Sherwood. Notably, however, no service was effectuated on "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County".

Although this case has an extensive procedural history spanning different jurisdictions, the following procedural history is most pertinent to this Order. On December 5, 2006, Plaintiffs Edith Peterson and The 16th St. Dr. N.W. Land Holders and/or ECP Trust filed a document in the United States District Court for the Southern District of Florida titled "Motion The Honorable Courts to Stay All Actions Alleged in the City of Hickory N.C.'s Notice of Violation Deadline of 12/6/06 and Authorize Discovery on Defendants and Their Influencing Associates." (Document #1.) The Complaint was "sworn and attested to by ECP Trust by Edith C. Peterson, Trustee" but

3

was not signed by an attorney licensed to practice law in Florida or any other jurisdiction. Id. No summons was ever issued or served.

After counsel for the City of Hickory filed a notice of special appearance on behalf of the City of Hickory and moved to dismiss the complaint in its entirety, the District Court for the Southern District of Florida entered an Order granting the City's Motion on April 20, 2007. The Order, however, provided Plaintiff with leave to amend the Complaint. On April 27, 2007, Ms. Peterson, against appearing *pro se* on behalf of the ECP Trust, filed a document with the Court entitled "Motion to Enlarge Time to Ammend (sic) and/or Move to this Case to the Western District of N.C." (Document #24.) Plaintiff filed an "Amended Complaint" with the Southern District of Florida on May 25, 2007. (Document #27.) On June 13, 2007 the District Court for the Southern District of Florida entered an Order transferring the case to the United States District for the Western District of North Carolina.

On October 24, 2007, a Notice of Appearance was filed by Ellis B. Drew, III. On May 29, 2008, an Amended Complaint was filed by Ellis Drew naming the Plaintiff as Edith C. Peterson, Individually and as Trustee of the ECP Trust. Soon after filing the Amended Complaint, on June 2, 2008, Edith Peterson filed a *pro se* motion for the return of attorney retainer fee. Plaintiffs' motions and subsequent appeals were denied. On July 7, 2009, Ellis Drew filed a consent Motion to Withdraw as Counsel, and an Order granting this motion was entered July 9, 2009.

On August 17, 2009 Defendant filed a "Motion to Dismiss Plaintiff's Complaint Pursuant to the Previous Orders of the Court and Rule 17(a) of the Federal Rules of Civil Procedure." (Document #99.) On September 2, 2009, Plaintiff Edith Peterson, appearing individually, filed a "Motion to Strike Defendants' Recent Motion to Dismiss." (Document #101.) On April 1,

2010, Defendants filed a Motion for Summary Judgment. On April 21, 2010 Plaintiffs filed a Motion for Extension of Time to Defendants' Motion for Summary Judgment. An Order granting Plaintiffs' April 21, 2010, motion was granted the next day. Another Motion for Extension of Time was filed on May 17, 2010. In an Order denying Plaintiffs' Motion, United States Magistrate Judge Dennis Howell gave Plaintiffs until May 28, 2010 to file a responsive pleading to Defendants' Motion for Summary Judgment. Plaintiffs have not filed a motion in opposition to Defendants' Motion for Summary Judgment. Instead, Plaintiffs filed a Motion for Hearing, Motion for Summary Judgment on September 17, 2010. Defendants responded to Plaintiffs' Motion for Hearing on October 4, 2010. On October 20, 2010 Plaintiffs filed a reply to Defendants' response.

## II. DISCUSSION

**A.     Standard of Review**

Summary judgment is available when there are no genuine issues of material fact and judgment is appropriate as a matter of law. FED. R. CIV. P. 56(c). In considering motions for summary judgment, courts must view the facts and inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir. 1990). However, the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment. Anderson, 477 U.S. at 249-50. Thus, summary judgment is proper where "the facts and the law will reasonably support only one conclusion." Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (quotation omitted).

Moreover, when the movant supports its motion for summary judgment by affidavits, the

adverse party may not rest upon the mere allegations or denials of its pleading, and the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). In the instant case, Defendants have presented affidavits, exhibits and a memorandum of law in support of their motion.

**B. Analysis**

**1. Claims Against "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County".**

The second and fourth claims brought by Plaintiffs name "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County" as defendants. Because Plaintiff ECP Trust is not represented by an attorney and because Plaintiff Edith Peterson is not a real party in interest, the claims against "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County" are dismissed.

Plaintiff ECP Trust has no statutory right to be before this court because it is not represented by an attorney. It is fundamental that parties have a statutory right to conduct their cases individually or through counsel. See 28 U.S.C. § 1654. Such a statutory right, however, is not unlimited. While individuals may represent themselves, a trust can only act through its agents and representatives. See United States v. Ponte, 246 F. Supp. 2d 74, n.13 (D. Me. 2003) (internal citations omitted). Therefore, by definition, an individual acting as a trustee is not representing herself when she appears on behalf of a trust, but rather she is representing the trust. In federal court, a trustee appearing in a solely representative capacity requires a lawyer. *See*

United States v. Mraz, 274 F. Supp. 2d 750, 755 (D. Md. 2003) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). Clearly, claims brought by ECP Trust must be brought by an attorney. Yet despite repeated cautions by this court, Edith Peterson has not hired counsel and continues to file *pro se* motions on behalf of the trust. Without a right to be before the court, the claims of the trust should be dismissed.

Moreover, all claims against "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County" should be dismissed for a lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). A court can dismiss an action with prejudice for lack of prosecution on its own motion. Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974). Dismissal, being a harsh remedy, "should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (1976) (citations omitted). In deciding whether a case should be dismissed, it is important for a district court to weigh the power to prevent delays against the sound public policy of deciding cases on the merits. Id. Accordingly, a court should look at three factors in determining whether to exercise its power under Rule 41(b). First, a court should consider the degree of personal responsibility of the plaintiff. Id. Second, the prejudice to defendant caused by delay should be considered. Id. Third, the court should consider whether the record indicated a "drawn out history" of "deliberately proceeding in a dilatory fashion" and whether the trial court has considered sanctions less drastic than dismissal. Id.

All three factors articulated in McCargo are present in this case. Even when keeping in mind that Edith Peterson is a pro se plaintiff, the degree of personal responsibility on Ms. Peterson is great in this case. Despite repeated exhortations of this court that the interests of the ECP Trust need to be represented by an attorney, Edith Peterson continues to file pro se motions

7

and chose not to retain an attorney to protect the interests of the trust. Second, the defendants who have never been served are prejudiced by being named in a complaint while having no realistic expectation of when they might be served. Third, and finally, the record in this case exemplifies the "drawn out history" of "deliberately proceeding in a dilatory fashion" described in McCargo. Id. The failure by plaintiffs to comply with words of caution and orders by this court on numerous occasions requires the extraordinary sanction of dismissal to be used in this case. Accordingly, it is ORDERED that all claims against "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County" are dismissed with prejudice.

**2. Claims Against Jerry Sherwood**

The first and third claims brought by Plaintiffs name Jerry Sherwood, a Code Enforcement Official for the City of Hickory, as one of the Defendants.

The North Carolina Supreme Court has held that in order to state a claim against an employee in his individual capacity, a Plaintiff must first allege such capacity through the complaint. Isenhour v. Hutto, 517 S.E.2d 121, 126 (1999); Mulls v. Sechrest, 495 S.E.2d 721, 723-24 (1998). Absent a clear statement of Defendant's capacity, a Plaintiff is "deemed to have sued a Defendant in his official capacity." Reid v. Madison, 527 S.E.2d 87, 90 (2000). Official capacity suits are not suits against the person of the defendant, but rather, are suits against the office or entity of which the defendant is an agent. Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985); Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989); see also Corum v. University of North Carolina, 3330 N.C. 761, 772, 413 S.E.2d 276, 283 (1992). North Carolina courts have also held

that when a municipal employee is sued in his or her official capacity, the claim is against the municipal office the employee holds and not the particular individual holding the office. May v. City of Durham, 136 N.C. App. 578 584 (2000). "Therefore, in a suit where the plaintiff asserts a claim against a governmental entity, a suit against those individuals working in their official capacity for this governmental entity is redundant." Id.

Plaintiff's Amended Complaint contains no indication of the capacity in which Plaintiff intended to sue Defendant Sherwood. No allegation in the body of the Complaint or prayer for relief states that plaintiff seeks to recover against Sherwood in his individual capacity. Because Plaintiff made no such allegations, Plaintiff is deemed to have sued Sherwood in his official capacity. Reid, 527 S.E.2d at 90. A suit against Sherwood in his official capacity as an employee of the City of Hickory is nothing more than a suit against the City of Hickory. Graham, 473 U.S. at 165. Thus, Plaintiffs claims against Defendant Sherwood are "redundant" and should instead be merely claims against the City of Hickory. May, 136 N.C. App. at 584. Accordingly, this Court GRANTS summary judgment for all claims against Defendant Jerry Sherwood.

### 3. Claims Against "The City of Hickory Code Enforcement Division Hickory, NC 28601" and "The City of Hickory Planning Board"

Plaintiffs' first, third, and fifth claim for relief are against, among others, "The City of Hickory Code Enforcement Division Hickory, NC 28601" and "The City of Hickory Planning Board."

In order to evaluate the claims for relief against "The City of Hickory Code Enforcement Division Hickory, NC 28601" and "The City of Hickory Planning Board" this court must first determine whether they are entities capable of being sued. Unless there is a statute to the

contrary, the capacity to be sued exists only in persons in being. McPherson v. First & Citizens Nat. Bank, 240 N.C. 1, 18 (1954). Municipalities have been held to be "persons" under 42 U.S.C. § 1983, such that they are amenable to suit under the statute. Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.611 (1978). Departments or component parts within a municipality, however, cannot sue or be sued. N.C. Gen. Stat. § 160A-11 ("The inhabitants of each city heretofore or hereafter incorporated by act of the General Assembly or by the Municipal Board of Control shall be and remain a municipal corporation by the name specified in the city charter. Under that name they may sue and be sued."); See also Jones v. City of Greensboro, 277 S.E.2d 562, 576 (N.C. App. 1981) overruled on other grounds by Fowler v. Valencourt, 435 S.E.2d 530 (N.C. 1993); Coleman v. Cooper, 366 S.E.2d 2, 5 (N.C. App. 1988).

The causes of action against "The City of Hickory Code Enforcement Division Hickory, NC 28601" and "The City of Hickory Planning Board" in Plaintiffs' Amended complaint present several problems under established law. First, the City of Hickory Planning Board does not exist as an entity. While there is a "City of Hickory Department of Planning and Development," there is no department or component part of the City of Hickory known as "The City of Hickory Planning Board." Even if Plaintiff intended to bring her claims against the City of Hickory Department of Planning and Development, such claims would fail because the City of Hickory Planning Board is a department of the City of Hickory. As noted above, by statute and case law, such departments are incapable of suing and being sued. Jones, 277 S.E.2d at 576. Accordingly, summary judgment is GRANTED for all claims against "The City of Hickory Code Enforcement Division Hickory, NC 28601" and "The City of Hickory Planning Board."

**4. Procedural Due Process Claims**

In their first claim for relief against the City of Hickory, The City of Hickory Code Enforcement Division, Jerry Sherwood, Michael E. Cash, and The City of Hickory Planning Board, Plaintiffs allege that Jerry Sherwood and the City of Hickory violated the Plaintiffs' Due Process rights in violation of 42 U.S.C.§ 1983. More specifically, Plaintiffs allege that the Notice of Violation and subsequent fines imposed by the City of Hickory deprived Plaintiff Peterson of her Due Process rights under the 14th Amendment of notice and opportunity to be heard.

A claim for violation of a party's procedural due process rights requires a court to determine (1) whether the plaintiffs "lost something that fits into one of the three protected categories: life, liberty and property," and (2) whether the plaintiff "receive[d] the minimum measure of procedural protection warranted under the circumstances." Adkins, et al. v. Rumsfeld, 464 F. 3d 456 (4th Cir. 2006), (quoting Mallette v. Arlington County Employees' Supp. Ret. Sys. II, 91 F. 3d 630, 634 (4th Cir. 1996)). "Nothing in the Fourteenth Amendment protects against all deprivations of life, liberty, or property by the State, rather, the Fourteenth Amendment protects only against deprivations without due process of law." Gilbert v. North Carolina State Bar, 363 N.C. 70, 678 S.E.2d 602 (N.C. 2009) (quoting Parratt v. Taylor, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420, 430 (1981).) Importantly, a Plaintiff must demonstrate the existence of a property interest, of which the government deprived him or her without the due process of law. Tri-County Paving, Inc v. Ashe County, 281 F. 3d 430 (4th Cir. 2002), citing Sylvia Dev. Corp. v Calvert County, 48 F. 3d 810, 826 (4th Cir. 1995).

It is important to first examine whether Plaintiffs have been deprived of a property

interest that is protected by Due Process. The nature and extent of a property interest is determined by "existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Moreover, property interests which are protected include and extend beyond ownership of tangible property and include those interests that "a person has already acquired in specific benefits." Id.

Plaintiffs allege that "the issuance of fines and other required payments further impaired the value of the property," constituting both a deprivation of a property interest and liberty interest. Viewed in the light most favorable to the Plaintiffs, such allegations would constitute a property deprivation. Defendants Jerry Sherwood and the City of Hickory, however, deny ever issuing a fine to the owners of the property. Plaintiffs have offered nothing more than vague allegations that a fine was issued. Therefore, it is likely that no property deprivation occurred. Even if fines corresponding with the Notice of Violation were issued, summary judgment is still proper because Defendants afforded Plaintiff adequate procedural protections.

Assuming, *arguendo*, that the Notice of Violation and alleged corresponding fines constitute a property deprivation, Plaintiffs' Due Process claim fails because Plaintiffs were afforded at least "the minimum measure of procedural protection warranted under the circumstances." Adkins, 464 F. 3d at 471. The Supreme Court requires lower courts to consider three factors when determining if procedures are constitutionally sufficient: (1) the private interest to be affected by the action; (2) the risk of erroneous deprivation of that interest through the procedures that were used and the probable value of added procedures; and (3) the government's interest, including the fiscal and administrative burdens of added procedures.

Matthews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.E.2d 18 (1976).

First, the private interest affected by the action does not weigh in the Plaintiffs' favor. The issuance of a Notice of Violation for having a junk car, and contingent graduated fine scale giving the party 30 days to remedy the problem, is not a significant deprivation. Second, procedural safeguards existed consistent with the severity of the violation. Plaintiffs were issued the notice of violation and instructed to remedy the violation within four weeks or show cause as to why they should not be required to do so. Plaintiffs were further instructed that failure to remedy the violations could result in a monetary penalty. Third, the cost of additional procedures also weighs against the Plaintiffs. No suggestions for added protections were made in the Plaintiffs' complaint nor were any defects in the current procedures alleged. Requiring the City of Hickory to afford Plaintiffs additional hearings on such a matter would impose costly and imprudent administrative burdens on the City of Hickory.

Accordingly, it is proper to grant Defendants' Motion for Summary Judgment with regard to the alleged 14th Amendment Due Process violation.

### 5. Takings Claims

In their third claim for relief against the City of Hickory, The City of Hickory Code Enforcement Division, Jerry Sherwood, Michael E. Cash, and The City of Hickory Planning Board, Plaintiffs allege that the fines corresponding with the Notice of Violation constitute a taking for which she has received no compensation. Plaintiffs further allege that Defendants have "prohibited Plaintiffs from subdividing, developing, or improving their property, without compensation" but provide no further facts upon which this allegation is based. (Pls.' Am.

Compl. at 6-7.) Therefore, this court will only address the takings claim as it relates to the issuance of the Notice of Violation.

A regulation that denies "all economically beneficial or productive use of land" is considered a compensable taking. Lucas v. So. Carolina Coastal Council, 505 U.S. 1003, 1019 (1992); see also Front Royal and Warren County Indus. Park Corp. v. Town of Front Royal, Va., 135 F.3d 275, 285 (4th Cir. 1998). Under North Carolina law, courts will examine whether the owner is left with any "practical use" and "reasonable use" of his property. Guilford County Dept. of Emergency Services v. Seaboard Chemical Corp., 114 N.C. App. 1, 12, 441 S.E.2d 177, 183 (1994). Thus, one that asserts a "takings claim" is asserting that a regulation's interference with her property is of such a magnitude that "there must be an exercise of eminent domain and compensation to sustain it." Nat'l Advertising Co. v. Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991) (quotations omitted).

Applied to the facts of this case, there is no evidence that the Notice of Violation issued by the City of Hickory constituted a taking. Plaintiffs were directed to remedy the development code violation within four weeks to remedy the violation or show cause why she should not be required to do so. In issuing the Notice of Violation, the City did not deprive the Plaintiffs of "all economically beneficial or productive use of land." Neither did the Notice of Violation strip the Plaintiffs of all "practical and reasonable use" of the property. It simply cannot be said that the removal of the junk vehicle from Plaintiffs' property impeded Plaintiffs from using the land in any manner that they may have seen fit. On the contrary, Plaintiffs were free to develop the property and increase the value of the land.

To the extent that Plaintiffs' takings claim is based on future profits received from

beneficial use of the land, such a claim must also fail. Our Circuit Court has held: "[L]oss of future profits - unaccompanied by any physical property restriction - provides a slender reed upon which to rest a takings claim. Prediction of profitability is essentially a matter of reasoned speculation that courts are not especially competent to perform. Further, perhaps because of its very uncertainty, the interest in anticipated gains has traditionally been viewed as less compelling than other property-related interests. Ocean Acres Ltd. P'ship v. Dare County Bd. of Health, 707 F.2d 103, 105 (4th Cir. 1983) (internal citations omitted). Accordingly, for the reasons stated, it is proper to grant Defendants' Motion for Summary Judgment as to the takings claim.

**6. The Preliminary Injunction is Denied**

Plaintiffs' Fifth Claim for Relief alleges that Defendants have deprived Plaintiffs of the use of the property and seeks "a preliminary injunction ordering the City of Hickory and all other governmental entities under its direction as well as Catawba County and all other governmental entities under its direction to take all steps necessary including but not limited to issue a zoning variance, rezoning the property or provide any other injunctive relief not herein alleged so that the property can put to its best use by Plaintiffs." (Pls.' Am. Compl. at 8-9.)

In deciding whether to issue a preliminary injunction, it is important to keep in mind that "[a] preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir.2003); see also De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 220-21 (1945). "The party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to

succeed on the merits at trial." Winter v. Nat'l Ress. Def. Council, Inc., 129 S.Ct. 365, 376 (2008).

Accordingly, a party seeking a preliminary injunction must establish a clear showing:

>    (1) that he is likely to succeed on the merits;
>
>    (2) that he is likely to suffer irreparable harm in the absence of preliminary relief;
>
>    (3) that the balance of equities tips in his favor; and
>
>    (4) that an injunction is in the public interest.

Id. at 374-76.

Applied to the facts of this case, all four factors weigh against the Plaintiffs. The first element, that plaintiffs are likely to succeed on the merits, is perhaps the most notably absent of the four elements. Plaintiffs are unlikely to succeed on the merits as this Order grants Summary Judgment in favor of Defendants on all claims. Therefore, Plaintiffs' request for a preliminary injunction is DENIED.

## CONCLUSION

IT IS, THEREFORE, ORDERED, that:

(1) All claims against "Mr. Michael E. Cash", "Catawba County, NC 28658", "Catawba County Public Health Department Environmental Affairs Division", or "Catawba County" are DISMISSED WITH PREJUDICE pursuant to this court's power under Rule 41(b).

(2) Defendants' Jerry Sherwood, The City of Hickory, The City of Hickory Code Enforcement Division, and The City of Hickory Planning Board Motion for Summary Judgment

is GRANTED.

    (3) Plaintiff's Motion for a Preliminary Injunction is denied.

    (4) All other motions in this action are DENIED AS MOOT.

                            Signed: November 17, 2010

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge